**E-FILED on** 2/9/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEY ASIC, LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> INNOVATIVE SEMICONDUCTORS, INC., et al. <br><br> Defendants. | No. C-09-3355 RMW <br><br> ORDER GRANTING MOTION TO REMAND AND DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS, STAY, AND FOR SUMMARY JUDGMENT <br><br> **[Re Docket Nos. 14, 16, 21, and 25]** |

Four motions came on for hearing before the court on November 20, 2009. Plaintiffs Key ASIC, Ltd. and Key ASIC, Inc. move to remand this action to Santa Clara County Superior Court, contending that removal was improper, and seek an award of attorney's fees and costs as a sanction for the improper removal. Defendants oppose the motion. Additionally, defendants move to stay the action pending arbitration, move for summary judgment or partial summary judgment, and defendant Sou also moves to dismiss the complaint with regard to the claims asserted against him. Having considered the papers submitted by the parties and the arguments of counsel at the hearing, and for good cause appearing for the reasons set forth below, the court grants the motion to remand. The court does not reach the substance of the other three motions.

This litigation arises out of a contract dispute between plaintiffs Key ASIC, Ltd. and Key ASIC, Inc., on the one hand, and defendants Innovative Semiconductors Inc. and Phylinks, Ltd., on the other. In brief, Key ASIC contends that it entered into a written contract with Innovative Semiconductors, pursuant to which Innovative agreed to provide services to debug functional problems in the Universal Serial Bus Physical Layer and provide other design and testing services. FAC at ¶15-16. Additionally, Innovative and Phylinks are alleged to have entered into an oral agreement, or one created through course of conduct, pursuant to which Innovative transferred to Phylinks its obligation to perform Innovative's obligations under its Key ASIC contract. Key ASIC contends that the contract was not performed. Key ASIC filed suit in Santa Clara County Superior Court on September 29, 2008, and thereafter filed its First Amended Complaint on or around January 26, 2009.

Through the First Amended Complaint, Key ASIC asserts the following claims:

1) Breach of Contract against Innovative for breaching the Key ASIC - Innovative contract;

2) Breach of Contract against Innovative and Phylinks, asserting rights as a third party beneficiary and contending that either or both Innovative and Phylinks breached the Innovative-Phylinks contract by failing to perform the services that were to benefit Key ASIC;

3) Negligent Misrepresentation against all defendants;

4) Fraud against all defendants; and,

5) Unlawful Business Practices under Business & Professions Code Section 17200 against all defendants.

The litigation proceeded in state court until the defendants filed a notice of removal on July 22, 2009. Defendants contend that they first discovered a basis for removal when plaintiffs responded to discovery requests which, defendants contend, revealed that this action could be removed to federal court. Specifically, defendants contend that plaintiffs admitted that the Semiconductor Technology License Agreement dated November 14, 2006 between Innovative and Phylinks is the operative contract pursuant to which plaintiffs assert third party beneficiary rights. That contract contains an arbitration clause which defendants contend requires arbitration of this dispute. Defendants further contend that the contract thus falls under the Convention on the

ORDER GRANTING MOTION TO REMAND AND DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS, STAY, AND FOR SUMMARY JUDGMENT—No. C-09-3355 RMW
TER                                                                      2

1 Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202, et seq.  Section 205
2 authorizes removal to federal court of any state court actions whose subject matter involves an
3 agreement covered by the Convention.  9 U.S.C. § 205.

4     Plaintiffs move to remand the action back to state court, contending that removal was
5 untimely and improper.  Defendants contend that removal was both timely and proper.

6     To resolve this motion to remand, it is necessary to determine whether plaintiffs' claim for
7 breach of contract involving the agreement between Innovative and Phylinks, pursuant to which
8 Phylinks was to perform some or all of the services for Key ASIC that Innovative was obligated to
9 perform, provides a basis for removal.  If this agreement is the written Innovative-Phylinks
10 Semiconductor Technology License Agreement, then removal may have been proper unless the right
11 to remove was waived.  There is no dispute that such written contract contained an arbitration clause
12 and that the agreement thus falls under the Convention, although there is a dispute between the
13 parties regarding whether the arbitration clause is triggered by Key ASIC's claims.

14     In their papers, plaintiffs argue that the November 14, 2006 Innovative-Phylinks
15 Semiconductor Technology License Agreement is not the agreement upon which they base their
16 claim as third party beneficiaries.  To the contrary, plaintiffs note that they have sued under an
17 alleged oral contract, or one created by the parties' course of conduct.  The contract upon which they
18 base their rights is therefore not the written agreement identified in discovery, and thus does not
19 contain an arbitration clause, and therefore cannot provide a basis for removal under Section 205.

20     Moreover, the parties' briefs reveal that there are at least three written agreements between
21 Innovative and Phylinks that presumably relate to the work to be performed for Key ASIC.  *See*
22 Defendant's memorandum in support of motion to stay at 3; Devine Decl. ¶10.  One of those
23 agreements, and the court infers that <u>only</u> one of those agreements, contains an arbitration clause
24 that, according to defendants, gives rise to the right to arbitrate the dispute and which resulted in the
25 removal of this action from state court.

26     In the court's view, defendants appear to have stretched the significance of Key ASIC's
27 responses to defendants' requests for admission.  The discovery responses do not clearly admit that
28 the November 14, 2006 Innovative-Phylinks Licensing Agreement is the contract which confers

ORDER GRANTING MOTION TO REMAND AND DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS, STAY, AND FOR SUMMARY JUDGMENT—No. C-09-3355 RMW
TER      3

third party beneficiary rights upon plaintiffs and upon which plaintiffs' base their claim for breach of contract. The court is also persuaded by the allegations in the First Amended Complaint that the underlying contract is alleged to be oral or one created by the parties' conduct, not a specific written agreement. Thus, although plaintiffs have admitted that they could have third party beneficiary rights under written agreements between Innovative and Phylinks, this does not mean that plaintiffs have sued for breach of such contracts, nor does it necessarily invoke the arbitration clause contained in any written contract. Thus, it does not appear, based upon the pleadings and written briefing, that the Convention comes into play, and as a result, Section 205 does not provide a basis for removing this action to federal court.

At the hearing, however, plaintiffs' counsel changed course to some degree and conceded that plaintiffs may in fact seek third party beneficiary rights under the written November 14, 2006 licensing agreement. Asserting such rights, however, implicates the arbitration clause, and at the hearing, plaintiffs argued, among other things, that defendants had waived their right to arbitrate by filing an answer without asserting arbitration as an affirmative defense and by engaging in discovery.[1]

Defendants deny that they have waived any right to arbitrate, contending that they removed the action to federal court soon after receiving plaintiffs' discovery responses admitting that the written contract was one pursuant to which plaintiffs claimed third party beneficiary rights.

The right to arbitration can be waived. Under California law, the court may consider many factors in determining whether a party has waived its right to arbitrate. As phrased by the California Supreme Court:

> In determining waiver, a court can consider (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

---

[1] These issues were also raised and briefed by the parties on defendant's motion to stay.

*St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal.4th 1187, 1198 (2003) (quotations omitted). On balance, these factors weigh in favor of waiver.

Phylinks and Innovative have been parties to this lawsuit since its inception on September 9, 2008, and the original complaint asserted a claim against both for breach of contract under a third party beneficiary theory. That same claim was asserted in the first amended complaint, following the state court's sustaining of the demurrer with leave to amend. The gist of plaintiff's theory is that it contracted with Innovative for Innovative to provide certain chip design services. Innovative sub-contracted with Phylinks for Phylinks to perform some or all of these services. Ultimately, from plaintiffs' perspective, the services were not satisfactorily performed, and it sued for breach of contract, suing Innovative directly on its agreement with Innovative, and suing Phylinks on a breach of contract theory based upon third party beneficiary rights with regard to whatever agreement was in place between Innovative and Phylinks relating to providing the design services to Key ASIC. As pleaded, the contract was oral, or one which was created through course of conduct. Phylinks presumably knows the terms of any agreement between it and Innovative relating to performing services for Key ASIC, including whether it had a right to arbitrate disputes relating to its performance. Nevertheless, on March 2, 2009, Innovative, Phylinks and Takla filed a joint Answer to the first amended complaint, and did not raise arbitration as an affirmative defense. Case law has recognized that such a failure may itself constitute a waiver. *Butchers Union, Local 532 v. Farmers Markets*, 67 Cal. App. 3d 905, 913 (1977); *Gunderson v. Superior Court*, 46 Cal. App .3d 138, 144 (1975).

The court also observes that defendants are all represented by the same counsel. Extensive discovery has been conducted, although it also appears that counsel has been careful to propound most of such discovery on behalf of Innovative, as opposed to on behalf of all defendants, but the fruits of that discovery (plaintiffs' responses) have inured to the benefit of Phylinks, too. Simply stated, Phylinks benefitted from the discovery conducted by its co-defendant Innovative, through a shared trial and discovery strategy since the same counsel represents the defendants. Moreover, Key ASIC was prejudiced by the delay in Phylinks' assertion of the right to arbitrate in that it responded to discovery (admittedly propounded by a co-defendant) that it would presumably not have had to

respond to in arbitration. *See Berman v. Health Net*, 80 Cal. App. 4th 1359 (2000) (prejudice is shown if the party seeking to arbitrate obtained information through discovery that it would not have obtained in arbitration).

Defendant seized upon plaintiff's responses to a request for admission relating to the November 14, 2006 Innovative-Phylinks License Agreement which contained the arbitration clause – indicating that plaintiff may be asserting third party beneficiary rights under that agreement – and used that admission as the basis for asserting removal to federal court.[2] Notice of removal was filed in July of 2009, nearly a year after the lawsuit was first filed.

Under all of the circumstances, Phylinks' conduct in this litigation is inconsistent with a right to arbitrate, and accordingly, Phylinks waived its arbitration rights. Because the right to arbitrate has been waived, Section 205 of the Convention offers no basis for removal to federal court. Therefore, removal was improper, and this action is accordingly remanded to Santa Clara County Superior Court.

Turning next to plaintiffs' request for an award of attorney's fees and sanctions for defendants' improper removal, the court exercises its discretion under 28 U.S.C. 1447(c) and denies the motion. Defendants had an objectively reasonable basis for seeking removal, and an award of costs and fees would be improper. *Martin v Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Moreover, plaintiffs have failed to comply with Civil Local Rule 7-8.

Finally, with regard to the defendants' three motions, having determined that removal was improper and that this action should be remanded to state court, the court will not reach the substance of the motions. Those motions should be addressed, if at all, by the state court following remand.

---

[2] Notwithstanding having removed the action based upon the purported arbitration agreement, defendants have also contended in this litigation that there is no such agreement between Innovative and Phylinks as to which Key ASIC is a third party beneficiary. *See* November 13, 2009 Joint Case Management Statement at 3 (Defendant's statement: "Plaintiffs contend that they are third-party beneficiaries to an agreement between Phylinks and Innovative, but they have not identified the agreement that they claim gives them these rights. In reality, no such agreement exists.")

ORDER GRANTING MOTION TO REMAND AND DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS, STAY, AND FOR SUMMARY JUDGMENT—No. C-09-3355 RMW
TER     6

### III.  ORDER

For the foregoing reasons, the court grants plaintiff's motion to remand, denies plaintiffs' motion for an award of attorney's fees and costs, and declines to address defendants' motion to dismiss, motion for summary judgment and motion to stay pending arbitration.

It is hereby ordered that this action is remanded to the Superior Court of the State of California, in and for the County of Santa Clara.  The clerk is directed to close the file.

DATED:     2/9/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Q. Huy Do**
Email: huy.do@kirinlaw.com


**Counsel for Defendants:**

**Brian J. Devine**
Email: bdevine@seegersalvas.com

**Kenneth Mark Seeger**
Email: kseeger@seegersalvas.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   2/9/10                                                            TER
                                                                                                **Chambers of Judge Whyte**